UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10197
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CLAYTON FIDEL MANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 1:99-CR-3-1
_____
October 19, 2001

Before JOLLY, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clayton Fidel Manning appeals his convictions for possessing
with the intent to distribute marijuana and conspiring to
distribute, and to possess with the intent to distribute, over 50

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

kilograms of marijuana.  Manning asserts that the district court erred in adjusting his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because the court's finding that he committed perjury at trial was clearly erroneous.

Manning's appeal of the obstruction-of-justice enhancement is without merit for two reasons.  First, the enhancement is independently based upon the district court's finding that Manning attempted to escape from pretrial custody on more than one occasion.  Because Manning has not challenged this finding, he has waived any challenge to the obstruction-of-justice enhancement. *United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991).  Second, the district court did not commit clear error in determining that Manning committed perjury.

Section 3C1.1 of the United States Sentencing Guidelines instructs the district court to enhance a defendant's offense level by two points "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation, prosecution, or sentencing of the instant offense."  The Commentary specifically lists "committing, suborning, or attempting to suborn perjury" as examples of conduct to which the enhancement applies.  U.S.S.G. § 3C1.1, comment n. 4(b).  A district court's factual determination that a defendant has obstructed justice under section 3C1.1 is reviewed for clear error.  *United States v. Laury*, 985 F.2d 1298, 1305 (5th Cir.

2

1993).

After reviewing the record, we conclude that the district court properly reviewed the evidence and made the findings necessary to establish perjury. The district court specified the portions of Manning's testimony which were false, found that the false testimony was given willfully and deliberately, and found that the false testimony was relevant and material to the issue of guilt or innocence. See *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (holding that a witness testifying under oath commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory). Based upon the convincing evidence presented by the government at trial concerning Manning's involvement in the marijuana distribution conspiracy, the district court did not clearly err in determining that Manning committed perjury during his testimony.

AFFIRMED.